IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAP AMERICA, INC., | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. 4:10-cv-1224 |
| WELLOGIX, INC. and WELLOGIX TECHNOLOGY LICENSING LLC, | § § § § § | |
| Defendants. | § § | |

## COMPLAINT FOR DECLARATORY RELIEF

SAP America, Inc. ("SAP") brings this action for declaratory judgment against Wellogix, Inc. and Wellogix Technology Licensing LLC (collectively, "Wellogix"). Specifically, SAP seeks, among other things, declaratory judgment of non-infringement and invalidity of claims of U.S. Patent Nos. 7,043,486 ("the '486 patent"), 7,096,223 ("the '223 patent"), 7,155,439 ("the '439 patent"), 7,293,029 ("the '029 patent") and 7,669,133 ("the '133 patent") (collectively, the "Wellogix Patents").

## INTRODUCTION AND BACKGROUND

1. Along with its affiliates and parent company, SAP comprises one of the world's largest business software companies. Founded in 1972 as Systems Applications and Products (SAP) in Data Processing, SAP has a history of innovation and growth that has made it the recognized leader in providing collaborative business solutions for all types of industries, in every major market. In particular, SAP provides business software and solutions. SAP's parent company, SAP AG, employs people in more than 50 countries and serves more than 36,200 customers worldwide.

1

2.      SAP America, Inc. is a United States subsidiary of SAP AG.  SAP America, Inc. services customers throughout the United States by, among other things, providing business software to oil and gas companies, as well as to many other types of businesses.

3.      On information and belief, Wellogix had provided software and related services that are targeted to the oil and gas industry.

4.      On information and belief, since around 2007, Wellogix's primary business has been licensing patents.

5.      On information and belief, Wellogix Technology Licensing LLC purports to be the owner by assignment of the '486 patent, which is entitled "Process And System For Tracking Versions Of Field Documentation Data Collection Configurations In A Complex Project Workflow System," and which issued May 9, 2006.  The '486 patent issued from U.S. Patent Application No. 10/251,560, filed in the U.S. Patent and Trademark Office ("USPTO") on September 20, 2002.  The '486 patent identifies Warren Scott Cope as its inventor.  Brad Hattenbach of Dorsey and Whitney LLP, Denver, Colorado filed the application that issued as the '486 patent, and the application was prosecuted by William E. Johnson, Jr. of The Mathews Firm, Houston, Texas.  A true and correct copy of the '486 patent is attached hereto as Exhibit A.

6.      On information and belief, Wellogix Technology Licensing LLC purports to be the owner by assignment of the '223 patent, which is entitled "Process And System For Managing And Reconciling Field Documentation Data Within A Complex Project Workflow System," and which issued August 22, 2006.  The '223 patent issued from U.S. Patent Application No. 10/251,212, filed in the USPTO on September 20, 2002.  The '223 patent identifies Warren Scott Cope as its inventor.  Brad Hattenbach of Dorsey and Whitney LLP, Denver, Colorado filed the application that issued as the '223 patent, and the application was prosecuted by William E. Johnson, Jr. of The Mathews Firm, Houston, Texas.  A true and correct copy of the '223 patent is attached hereto as Exhibit B.

7.      On information and belief, Wellogix Technology Licensing LLC purports to be the owner by assignment of the '439 patent, which is entitled "Modular And Customizable

Process And System For Capturing Field Documentation Data In A Complex Project Workflow System," and which issued December 26, 2006.  The '439 patent issued from U.S. Patent Application No. 10/251,079, filed in the USPTO on September 20, 2002.  The '439 patent identifies Warren Scott Cope as its inventor.  Brad Hattenbach of Dorsey and Whitney LLP, Denver, Colorado filed the application that issued as the '439 patent, and the application was prosecuted by William E. Johnson, Jr. of The Mathews Firm, Houston, Texas.  A true and correct copy of the '439 patent is attached hereto as Exhibit C.

8. On information and belief, Wellogix Technology Licensing LLC purports to be the owner by assignment of the '029 patent, which is entitled "Modular And Customizable Process And System For Capturing Field Documentation Data In A Complex Project Workflow System," and which issued November 6, 2007.  The '029 patent issued from U.S. Patent Application No. 11/228,730, filed in the USPTO on September 15, 2005.  The '029 patent identifies Warren Scott Cope as its inventor.  William E. Johnson, Jr. of The Mathews Firm, Houston, Texas filed and prosecuted the application that issued as the '029 patent.  A true and correct copy of the '029 patent is attached hereto as Exhibit D.

9. On information and belief, Wellogix Technology Licensing LLC purports to be the owner by assignment of the '133 patent, which is entitled "System And Method For Developing Rules Utilized In A Knowledge Management System," and which issued February 23, 2010.  The '133 patent issued from U.S. Patent Application No. 10/125,120, filed in the USPTO on April 17, 2002.  The '029 patent identifies Bill S. Chikirivao and Jeff A. Livesay as its inventors.  Brad Hattenbach of Dorsey and Whitney LLP, Denver, Colorado filed the application that issued as the '439 patent, and the application was prosecuted by William E. Johnson, Jr. of The Mathews Firm, Houston, Texas.  A true and correct copy of the '133 patent is attached hereto as Exhibit E.

10. On or about March 15, 2005, SAP AG and Wellogix entered into a Powered by SAP NetWeaver Cooperation Agreement (the "NetWeaver Agreement").  The NetWeaver Agreement permitted Wellogix, on a nonexclusive basis, to integrate its software with SAP's

software through NetWeaver, a type of "middleware" software provided by SAP that allows other companies to integrate their software with SAP's software. The NetWeaver Agreement also contained provisions relating to the parties' marketing and promotional activities for the integrated software. A copy of the NetWeaver Agreement is attached as Exhibit F.

11. On or about June 4, 2007, J. Ike Epley, CEO of Wellogix, sent e-mail correspondence to SAP (the "June 4, 2007 email"). A copy of the June 4, 2007 email is attached as Exhibit G.

12. In the June 4, 2007 email, Mr. Epley stated that Wellogix had "co-marketed with SAP" for over one-and-a-half years. Mr. Epley stated that Wellogix was "trying to find a way to benefit from a potential working relationship with SAP that would have included, in the near term, closing at least a couple of major contracts." Mr. Epley further stated: "We [Wellogix] were not included in those contracts that closed late last year. SAP was included." Mr. Epley alleged that SAP was responsible for Wellogix's failure to obtain contracts in 2006.

13. In the June 4, 2007 email, Mr. Epley stated that Wellogix "had nothing to show for" its co-marketing effort with SAP and that, "as a result," Wellogix had to let "33 people go in mid-December." Mr. Epley alleged that SAP was to blame for Wellogix's lay-offs.

14. In the June 4, 2007 email, Mr. Epley stated that although Wellogix was still in the business of selling software and services, **"We are also in the business of licensing our patented technology."** Mr. Epley stated that Wellogix had "embarked on the early stages of a licensing program, which includes a substantial initial success" and claimed "tremendous potential value in this business model." Mr. Epley demonstrated Wellogix's intent to license the Wellogix Patents.

15. In the June 4, 2007 email, Mr. Epley solicited "business proposals from SAP regarding either the software and/or [the] intellectual property" of Wellogix. Mr. Epley stated that "[o]ffers to buy, sell or license . . . are open for discussion."

16. On information and belief, Wellogix believes that SAP needs to license one or more of the Wellogix Patents.

17. SAP does not need to license the Wellogix Patents to continue its business activities.

18. Notwithstanding Mr. Epley's statement in the June 4, 2007 email that "[w]e [Wellogix] have not and are not threatening litigation against anyone at this time," Wellogix filed suit against SAP America, Inc., SAP AG, BP America, Inc. ("BP"), Accenture LLP ("Accenture"), and two individuals in the 10th Judicial District Court of Galveston County, Texas on or about April 23, 2008. The case is styled *Wellogix, Inc. v. BP America, Inc. et al.*, Case No. 08CV0287-10th (hereinafter, "Wellogix State Court Complaint"). A copy of the Wellogix State Court Complaint is attached as Exhibit H.

19. In the Wellogix State Court Complaint, Wellogix alleged various causes of action under Texas state law and federal law, including claims for breach of the NetWeaver Agreement, breach of fiduciary duty, tortious interference with contract, business disparagement, violation of the Lanham Act, and trade secret misappropriation. *See* Wellogix State Court Complaint at 11–12, ¶ 41–44; 15–16 ¶ 55–57.

20. In the Wellogix State Court Complaint, Wellogix blamed SAP for Wellogix's own business failures, alleging that SAP failed to fulfill obligations as a partner to Wellogix and that Wellogix was improperly excluded from business dealings between SAP, Accenture, and BP. *See* Wellogix State Court Complaint at 3, 5-6, 10 ¶¶ 11, 18, 20–24, 36–37.

21. SAP denied all of the allegations of the Wellogix State Court Complaint.

22. The Texas court case was removed to the United States District Court for the Southern District of Texas, Galveston Division. The removed case was styled *Wellogix, Inc. v. BP America, Inc. et al.*, Case No. 3:08-CV-119. The district court dismissed all of Wellogix's claims against SAP, holding that the forum selection clause in the NetWeaver Agreement required Wellogix to bring those claims against SAP in Germany. A copy of the court's Memorandum and Order, dated December 8, 2008, is attached as Exhibit I.

23. Wellogix appealed the district court's dismissal to the United States Court of Appeals for the Fifth Circuit but later withdrew its appeal. A copy of the Fifth Circuit's order dismissing the appeal, dated June 24, 2009, is attached as Exhibit J.

24. Wellogix did not allege that SAP infringed the Wellogix Patents in the lawsuit that was dismissed by the Southern District of Texas.

25. Wellogix's claims against BP and Accenture are still pending. On February 13, 2009, John Chisholm, a corporate officer of Wellogix, testified in a hearing before Judge Keith Ellison of the Southern District of Texas (the "February 13 hearing"). Guy Matthews appeared as counsel for Wellogix. A copy of relevant excerpts from the transcript of the February 13 hearing is attached as Exhibit K.

26. The following statements were made by Mr. Chisholm and Mr. Matthews concerning Wellogix's plans to sue SAP:

> THE COURT: How many patents does Wellogix or one of its --
> or any of its predecessors hold?
> THE WITNESS: We have four. We've been told the fifth
> one will be issued any day. And we have about six others in a
> pending status.
> THE COURT: And how many have you applied for and been
> rejected on, finally rejected?
> THE WITNESS: None.
> THE COURT: Is litigation proceeding against SAP? Or
> do you know?
> THE WITNESS: Against SAP?
> THE COURT: SAP.
> MR. MATTHEWS: Actually, if the Court will recall, in
> this proceeding --
> THE COURT: I know what happened in this proceeding.
> MR. MATTHEWS: So far, nothing else is going on with respect to SAP, but something might be planning.
> THE COURT: Okay. All right.
> MR. MATTHEWS: I just don't want to mislead you --

            THE COURT: I know. I know.

            MR. MATTHEWS: -- that nothing is going to happen.

February 13 hearing Transcript at 89–90.

      27.     On March 25, 2010, Wellogix, BP, and Accenture conducted a Rule 30(b)(6) deposition of SAP America, Inc., now a non-party after having been dismissed. The deposition took place in the law offices of Jones Day in Houston, Texas. During a break in the deposition, Thomas Pirtle, outside counsel to Wellogix, informed Scott Cowan, outside counsel to SAP, in a private conversation that Wellogix was planning to file a patent suit against SAP and asked whether Jones Day would be representing SAP in that suit.

      28.     Wellogix has engaged in a course of conduct that shows a willingness to enforce its patents through litigation.

      29.     On information and belief, and in view of SAP and Wellogix's clear history of adverse legal interests, SAP expects that Wellogix will initiate suit against SAP for patent infringement of the Wellogix Patents if SAP continues its current business activities.

      30.     Based on the foregoing, there is a substantial and justiciable controversy between SAP and Wellogix as to the infringement and validity of the Wellogix Patents that is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

      31.     SAP hereby brings this action for declaratory judgment against Wellogix, seeking declarations that (i) SAP does not infringe any valid claim of any of the Wellogix Patents, and (ii) one or more claims of each Wellogix Patent is invalid.

## THE PARTIES

      32.     SAP America, Inc. is a corporation organized and existing under the laws of Delaware, with corporate headquarters at 3999 West Chester Pike, Newtown Square, Pennsylvania 19073.

      33.     On information and belief, Wellogix, Inc. is a corporation organized and existing under the laws of Delaware, with its principal place of business at 2425 West Loop South, Suite 330, Houston, Texas 77027.

34. On information and belief, Wellogix Technology Licensing LLC is a limited liability company organized and existing under the laws of Texas, with its principal place of business at 440 Louisiana Street, Suite 2100, Houston, Texas 77002.

## JURISDICTION AND VENUE

35. This is a declaratory judgment action brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, for patent non-infringement and invalidity arising under the patent laws of the United States, Title 35, U.S.C. § 1 *et seq.* An actual, substantial, and continuing justiciable controversy exists between SAP and Wellogix, requiring a declaration of rights by this Court. The technology at issue generally involves computer software products.

36. This Court has subject matter jurisdiction over the causes of action stated herein under 28 U.S.C. §§ 1331 and 1338 because this action concerns a federal question arising under the patent laws of the United States.

37. Wellogix is subject to personal jurisdiction in this judicial district because Wellogix has purposefully availed itself of the privilege of doing business in this judicial district and has sufficient minimum contacts with Texas to render the exercise of jurisdiction over Wellogix compatible with due process. Wellogix, Inc. maintains its corporate headquarters in this judicial district and transacts business in Texas, including targeting sales and marketing of its products in this judicial district. Wellogix Technology Licensing LLC has a principal place of business in this judicial district.

38. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(a) and (b) because Wellogix, Inc. and Wellogix Technology Licensing LLC have engaged in significant activity in this district and are subject to personal jurisdiction in this judicial district.

## COUNT I: NON-INFRINGEMENT OF THE '486 PATENT

39. SAP incorporates by reference and re-alleges paragraphs 1 through 38 above, as if fully set forth herein.

40. The software and services provided by SAP and utilized by its customers, including but not limited to SAP's SRM software, do not infringe and have not infringed, either directly or indirectly, any claim of the '486 patent under 35 U.S.C. § 271.

41. As a result of the acts described in the foregoing paragraphs, a substantial and justiciable controversy exists between SAP and Wellogix of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that SAP does not infringe any claim of the '486 patent under 35 U.S.C. § 271.

### COUNT II:  INVALIDITY OF THE '486 PATENT

42. SAP incorporates by reference and re-alleges paragraphs 1 through 41 above, as if fully set forth herein.

43. Upon information and belief, one or more claims of the '486 patent encompass subject matter which is ineligible for patenting, subject matter disclosed within a prior art reference, subject matter that would have been obvious to a person of ordinary skill in the art, or subject matter not described in the patent's application in the manner required by the patent statute.

44. One or more claims of the '486 patent are invalid for failure to comply with the conditions set forth in Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and 112.

45. As a result of the acts described in the foregoing paragraphs, a substantial and justiciable controversy exists between SAP and Wellogix of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that one or more claims of the '486 patent are invalid.

### COUNT III:  NON-INFRINGEMENT OF THE '223 PATENT

46. SAP incorporates by reference and re-alleges paragraphs 1 through 45 above, as if fully set forth herein.

47. The software and services provided by SAP and utilized by its customers, including but not limited to SAP's SRM software, do not infringe and have not infringed, either directly or indirectly, any claim of the '223 patent under 35 U.S.C. § 271.

48. As a result of the acts described in the foregoing paragraphs, a substantial and justiciable controversy exists between SAP and Wellogix of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that SAP does not infringe any claim of the '223 patent under 35 U.S.C. § 271.

## COUNT IV:  INVALIDITY OF THE '223 PATENT

49. SAP incorporates by reference and re-alleges paragraphs 1 through 48 above, as if fully set forth herein.

50. Upon information and belief, one ore more claims of the '223 patent encompass subject matter which is ineligible for patenting, subject matter disclosed within a prior art reference, subject matter that would have been obvious to a person of ordinary skill in the art, or subject matter not described in the patent's application in the manner required by the patent statute.

51. One or more claims of the '223 patent are invalid for failure to comply with the conditions set forth in Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and 112.

52. As a result of the acts described in the foregoing paragraphs, a substantial and justiciable controversy exists between SAP and Wellogix of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that one or more claims of the '223 patent are invalid.

## COUNT V:  NON-INFRINGEMENT OF THE '439 PATENT

53. SAP incorporates by reference and re-alleges paragraphs 1 through 52 above, as if fully set forth herein.

54. The software and services provided by SAP and utilized by its customers, including but not limited to SAP's SRM software, do not infringe and have not infringed, either directly or indirectly, any claim of the '439 patent under 35 U.S.C. § 271.

55. As a result of the acts described in the foregoing paragraphs, a substantial and justiciable controversy exists between SAP and Wellogix of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that SAP does not infringe any claim of the '439 patent under 35 U.S.C. § 271.

## COUNT VI: INVALIDITY OF THE '439 PATENT

56. SAP incorporates by reference and re-alleges paragraphs 1 through 55 above, as if fully set forth herein.

57. Upon information and belief, one or more claims of the '439 patent encompass subject matter which is ineligible for patenting, subject matter disclosed within a prior art reference, subject matter that would have been obvious to a person of ordinary skill in the art, or subject matter not described in the patent's application in the manner required by the patent statute.

58. One or more claims of the '439 patent are invalid for failure to comply with the conditions set forth in Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and 112.

59. As a result of the acts described in the foregoing paragraphs, a substantial and justiciable controversy exists between SAP and Wellogix of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that one or more claims of the '439 patent are invalid.

## COUNT VII: NON-INFRINGEMENT OF THE '029 PATENT

60. SAP incorporates by reference and re-alleges paragraphs 1 through 59 above, as if fully set forth herein.

61. The software and services provided by SAP and utilized by its customers, including but not limited to SAP's SRM software, do not infringe and have not infringed, either directly or indirectly, any claim of the '029 patent under 35 U.S.C. § 271.

62. As a result of the acts described in the foregoing paragraphs, a substantial and justiciable controversy exists between SAP and Wellogix of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that SAP does not infringe any claim of the '029 patent under 35 U.S.C. § 271.

## COUNT VIII: INVALIDITY OF THE '029 PATENT

63. SAP incorporates by reference and re-alleges paragraphs 1 through 62 above, as if fully set forth herein.

64. Upon information and belief, one or more claims of the '029 patent encompass subject matter which is ineligible for patenting, subject matter disclosed within a prior art reference, subject matter that would have been obvious to a person of ordinary skill in the art, or subject matter not described in the patent's application in the manner required by the patent statute.

65. One or more claims of the '029 patent are invalid for failure to comply with the conditions set forth in Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and 112.

66. As a result of the acts described in the foregoing paragraphs, a substantial and justiciable controversy exists between SAP and Wellogix of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that one or more claims of the '029 patent are invalid.

## COUNT IX: NON-INFRINGEMENT OF THE '133 PATENT

67. SAP incorporates by reference and re-alleges paragraphs 1 through 66 above, as if fully set forth herein.

68. The software and services provided by SAP and utilized by its customers, including but not limited to SAP's SRM software, do not infringe and have not infringed, either directly or indirectly, any claim of the '133 patent under 35 U.S.C. § 271.

69. As a result of the acts described in the foregoing paragraphs, a substantial and justiciable controversy exists between SAP and Wellogix of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that SAP does not infringe any claim of the '133 patent under 35 U.S.C. § 271.

## COUNT X:  INVALIDITY OF THE '133 PATENT

70. SAP incorporates by reference and re-alleges paragraphs 1 through 69 above, as if fully set forth herein.

71. Upon information and belief, one or more claims of the '133 patent encompass subject matter which is ineligible for patenting, subject matter disclosed within a prior art reference, subject matter that would have been obvious to a person of ordinary skill in the art, or subject matter not described in the patent's application in the manner required by the patent statute.

72. One or more claims of the '133 patent are invalid for failure to comply with the conditions set forth in Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and 112.

73. As a result of the acts described in the foregoing paragraphs, a substantial and justiciable controversy exists between SAP and Wellogix of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that one or more claims of the '133 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, SAP prays for judgment against Wellogix as follows:

(a) Declare that SAP's software and services do not infringe, either directly or indirectly, any claim of any of the Wellogix Patents;

(b)     Declare that one or more claims in each of the Wellogix Patents is invalid;

(c)     Issue an Order awarding SAP its costs, expenses and reasonable attorney fees as provided by law; and

(d)     Award SAP any other and further relief as this Court may deem just and proper.

## SPECIFIC RELIEF NOT REQUESTED

SAP does not request any additional relief with respect to the claims adjudicated in this Court's Order of December 8, 2008 (*see* Exhibit I) beyond that which has already been granted to SAP, all such claims being separate and distinct from the non-infringement and invalidity of the Wellogix Patents.

## JURY TRIAL DEMAND

SAP demands trial by jury on all issues triable by a jury in this case.

Dated: April 15, 2010

Respectfully submitted,

**Michael P. Graham**
Attorney-in-Charge
Texas Bar No. 08267600
S.D. Texas Bar No. 1037
mpgraham@jonesday.com
**Scott W. Cowan**
Texas Bar No. 00786455
S.D. Texas Bar No. 16212
swcowan@jonesday.com
**Joseph M. Beauchamp**
Texas Bar No. 24012266
S.D. Texas Bar No. 24263
jbeauchamp@jonesday.com

JONES DAY
717 Texas Ave., Suite 3300
Houston, TX 77025
Telephone: (832) 239-3939
Fax: (832) 239-3600

**ATTORNEYS FOR SAP AMERICA, INC**.

**OF COUNSEL:**

**Tharan G. Lanier**
tglanier@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900

**Stephen J. Joncus**
Texas Bar No. 00794037
stephen.joncus@klarquist.com
**John D. Vandenberg**
john.vandenberg@klarquist.com
KLARQUIST SPARKMAN, LLP
121 SW Salmon Street, Suite 1600
Portland, OR 97204
Phone: 503-595-5300
Fax: 503-595-5301