IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAP AMERICA, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:10-cv-1224 |
| § | |
| WELLOGIX, INC. and WELLOGIX § | |
| TECHNOLOGY LICENSING LLC, § | |
| § | |
| Defendants. § | |

## SAP AMERICA, INC.'S MOTION FOR ENTRY OF PROTECTIVE ORDER

SAP America, Inc. ("SAP") moves the Court for entry of SAP's Proposed Protective Order, attached hereto as Exhibit A. Although the parties agree that a protective order is necessary in this case, and further agree on the vast majority of the terms of the attached Proposed Protective Order, the parties disagree on the scope of the "patent prosecution bar" contained therein.

SAP's proposal prohibits *any attorney for either party* with access to the other party's "HIGHLY CONFIDENTIAL" information from drafting or amending patent claims involving the subject matter of this case. Wellogix, Inc. and Wellogix Technology Licensing LLC (collectively, "Wellogix") want a litigation attorney, who would also draft and amend patent claims in the reexamination proceedings, to have access to SAP's "HIGHLY CONFIDENTIAL" information. The unfairness of allowing a Wellogix attorney to craft patent claims with knowledge of SAP's trade secret information is manifest.

SAP respectfully moves the Court to resolve this outstanding issue and enter SAP's version of the Proposed Protective Order.

1

**I.     BACKGROUND**

Both SAP and Wellogix represented to the Court that the "parties will work together to create and file an Agreed Protective Order by mid-August." *See* Joint Discovery/Case Management Plan at 9(a)(iv), Dkt. Entry No. 20.  For the past month, SAP and Wellogix have negotiated a Proposed Protective Order, and agree on all terms except for the above-described language relating to the scope of the "prosecution bar" found in paragraphs 11(a)-(c).  SAP's Proposed Protective Order (attached hereto as Exhibit A) states that the prosecution bar does not prevent any attorney from "challenging the validity or enforceability of any patent . . . in proceedings in this court or reexamination or reissue proceedings in the United States or foreign patent offices." *See* Ex. A, Proposed Protective Order at ¶ 11(c).  Wellogix's proposed version of the protective order states that both "challenging *or defending* the validity or enforceability of any patent . . ." are excepted from the prosecution bar.  To facilitate the prompt entry of a protective order in this case, SAP has attached hereto as Exhibit B Wellogix's version of the Proposed Protective Order containing the above italicized language.  Except for this additional language, Exhibit B is identical to Exhibit A.

**II.    THIS COURT SHOULD ENTER SAP'S PROPOSED PROTECTIVE ORDER**

   **A.     Legal Standard**

The Federal Rules of Civil Procedure empower the Court, upon a showing of "good cause," to issue protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).

   **B.     Good Cause Exists for the Entry of SAP's Proposed Protective Order**

      **1.     A Prosecution Bar is Needed to Prevent Any Risk of Misuse of Confidential Information**

The necessity of a protective order is not in dispute.  Confidential information will need to be exchanged between the parties.  Special problems arise in patent litigation when litigation

counsel can write or modify patent claims in the Patent Office that may later be asserted against the accused infringer.

"When a plaintiff in a patent case is involved in prosecuting patents that are related to the defendant's business, federal courts routinely limit the plaintiff's access to the defendant's technical trade secrets." *Northbrook Digital LLC v. Vendio Servs., Inc.*, 625 F. Supp. 2d 728, 742 (D. Minn. 2008).

Here, a Wellogix attorney will have the capability to modify the claims of the very same five patents at issue in this case, during the Patent Office reexamination of those five patents, and submit new, narrower claims. That attorney is motivated to tailor claims to avoid the prior art and to read on SAP's products. That attorney should not be given unfettered access to SAP's trade secrets, such as internal design information or design plans, so he might claim them as Wellogix inventions.

"The purpose of the prosecution bar is to prevent outside counsel from using, even inadvertently, confidential information obtained in the lawsuit for purposes outside the lawsuit." *Visto Corp. v. Seven Networks, Inc.*, No. 2:03-cv-333, 2006 WL 3741891, at *7 (E.D. Tex. Dec. 19, 2006) (attached hereto as Exhibit C). *See also In Re Deutsche Bank Trust Co. Americas and Total Bank Solutions, LLC*, 605 F.3d 1373, 1380 (Fed. Cir. 2010) (discussing patent prosecution bars and stating that "[t]he risk of inadvertent disclosure of competitive information learned during litigation is therefore much greater" for attorneys engaged in "competitive decision making").

### 2. SAP's Proposed Prosecution Bar Applies to Both Parties and Is Limited

Under the proposed prosecution bar, attorneys for Wellogix and SAP who are writing or amending claims regarding the subject matter of this lawsuit are prohibited access to each other's

3

highly confidential information.  Moreover, the access restriction on such attorneys is limited only to highly confidential information.

The prosecution bar does not apply to attorneys for either party who may be raising grounds that the other party's patents are invalid.  An attorney's exposure to a party's confidential information can give that attorney no unfair advantage in arguing for cancellation of that patent in a Patent Office proceeding.  Accordingly, SAP proposes no bar against either party's counsel from challenging a patent in a Patent Office proceeding.

In contrast, an attorney prosecuting a patent application in any Patent Office proceeding, including a reexamination, could easily benefit from having access to confidential information of a potential target of that patent.  Such an attorney might amend the claims outright or argue for a certain scope of claims, guided by his or her knowledge of the target's technology.  Such an attorney might avoid certain narrowing amendments or arguments to avoid harming his client's infringement case based on his access to the opponent's confidential technical information.  One cannot expect an attorney with access to the opponent's confidential technical information to forget that knowledge and ignore the interests of his client while executing his client's strategy to obtain claims from the reexamination process that are valid and infringed.  That is why SAP proposes that neither party's attorneys exposed to such information be permitted to then prosecute patents that might target that same information.

### 3. SAP's Proposed Prosecution Bar is Not Burdensome on Wellogix Because It Already Has Patent Counsel Separate From Litigation Counsel

Not all Courts have agreed to include a prosecution bar in cases involving patents that are also being challenged in reexamination.  *See e.g.*, *Mirror Worlds, LLC v. Apple, Inc.*, No. 6:08-cv-88, 2009 WL 2461808 (E.D. Tex. Aug. 11, 2009) (attached hereto as Exhibit D).  The Court in *Mirror Worlds* expressed the concern that the prosecution bar would unfairly force a plaintiff

4

to hire two sets of lawyers. *Id*. at *2. That concern is inapplicable here because Wellogix already has two sets of lawyers, one for the litigation and one for the prosecution of its patents.

The Matthews Firm's participation in this litigation was just terminated. *See* Order on Unopposed Amended Motion to Withdraw as Attorney of Record, Dkt. Entry No. 33. The Matthews Firm prosecuted each of the five patents at issue in this case. The Matthews Firm is also prosecuting six other pending patent applications on behalf of Wellogix (U.S. Pat. Appl. Nos. 09/801,016; 10/121,310; 10/251,287; 11/249,612; 11/981,095; and 11/981,258). Wellogix already has two teams of lawyers. It would be natural for The Matthews Firm, as the firm most knowledgeable about the prosecution of the five patents in this case, to handle the reexamination of each of those patents. It would be unnatural for litigation counsel to take over the reexamination of the patents in this case because of their lack of knowledge of the prior prosecution and the risk that highly confidential information obtained in the lawsuit would be used for purposes outside of the lawsuit.

### III. CONCLUSION

For the foregoing reasons, SAP respectfully requests resolution of the above-described issue and entry of the Proposed Protective Order, attached hereto as Exhibit A.

Respectfully submitted,

Dated: September 13, 2010

*s/Joseph Beauchamp*

**Michael P. Graham**
Attorney-in-Charge
Texas Bar No. 08267600
S.D. Texas Bar No. 1037
mpgraham@jonesday.com
**Scott W. Cowan**
Texas Bar No. 00786455
S.D. Texas Bar No. 16212
swcowan@jonesday.com
**Joseph M. Beauchamp**
Texas Bar No. 24012266
S.D. Texas Bar No. 24263
jbeauchamp@jonesday.com
JONES DAY
717 Texas Ave., Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Fax: (832) 239-3600

**Stephen J. Joncus**
Texas Bar No. 00794037
stephen.joncus@klarquist.com
**John D. Vandenberg**
john.vandenberg@klarquist.com
KLARQUIST SPARKMAN, LLP
121 SW Salmon Street, Suite 1600
Portland, OR 97204
Phone: 503-595-5300
Fax: 503-595-5301

**ATTORNEYS FOR SAP AMERICA, INC**.

**OF COUNSEL:**

**Tharan G. Lanier**
tglanier@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900

## **CERTIFICATE OF CONFERENCE**

I hereby certify that, pursuant to Southern District of Texas Local Rule 7.1, beginning on August 3, 2010 and continuing on through September 9, 2010, I conferred multiple times with counsel for Wellogix, Richard Laminack and Buffy Martines, and also provided multiple drafts of the protective order to counsel for Wellogix, regarding this motion. With the exception of the terms of the prosecution bar addressed in this motion, Mr. Laminack and I reached agreement on the attached protective order. However, we could not reach a resolution regarding the disputed prosecution bar language contained in the Proposed Protective Order.

*s/ Joseph Beauchamp*
Joseph Beauchamp

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5.3 on September 13, 2010.

*s/ Joseph Beauchamp*
Joseph Beauchamp