Case 4:10-cv-01224 Document 191 Filed in TXSD on 10/07/16 Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
October 07, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAP AMERICA, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| WELLOGIX, INC. and WELLOGIX § | |
| TECHNOLOGY LICENSING, LLC, § | |
| § | CIVIL ACTION NO. H-10-1224 |
| Defendants, § | (Consolidated with C.A. H-11-2840) |
| Counter-Plaintiffs, § | |
| § | |
| v. § | |
| § | |
| SAP AMERICA, INC.; SAP AG; § | |
| and ACCENTURE LLP, § | |
| § | |
| Counter-Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court are plaintiff and counter-defendant SAP America, Inc.'s Motion for Exceptional Case Finding and Award of Attorneys' Fees Pursuant to 35 U.S.C. § 285 ("SAP's Motion for Attorneys' Fees") (Docket Entry No. 182) and counter-defendant Accenture LLP's Motion for an Exceptional Case Finding and an Award of Attorneys' Fees Pursuant to 35 U.S.C. § 285 ("Accenture's Motion for Attorneys' Fees") (Docket Entry No. 185). For the reasons stated below, the motions will be denied.

## I. Factual and Procedural Background

A detailed history of the parties' business relationships and related litigation is provided in a prior opinion.[1] In short, in 2005 Wellogix, Inc. and SAP America, Inc. ("SAP") approached Accenture LLP ("Accenture") about a potential partnership in order to provide software solutions to BP America, Inc. ("BP"). SAP and Accenture went on to partner with BP, leaving Wellogix, Inc. out of the arrangement. Believing that SAP and Accenture had accessed confidential Wellogix, Inc. technology while developing their software for BP, Wellogix, Inc. brought various tort claims against SAP and Accenture. Wellogix, Inc.'s claims against SAP were dismissed pursuant to a forum-selection clause. Wellogix, Inc. prevailed at trial on its claims against Accenture.

On April 15, 2010, plaintiff, SAP, filed a Complaint for Declaratory Relief (the "Declaratory Judgment Action") (Docket Entry No. 1) against Wellogix, Inc. and Wellogix Technology Licensing, LLC ("WTL") (collectively, "Wellogix") seeking a declaration of noninfringement and invalidity of five WTL patents. In July of 2010 SAP filed <u>inter partes</u> requests for reexamination of the patents with the United States Patent Office ("PTO"). SAP then moved to stay the Declaratory Judgment Action pending the outcome of the PTO reexamination. WTL counterclaimed against SAP in the Declaratory Judgment Action for infringement of the same

---

[1] Memorandum Opinion and Order, Civil Action No. H-14-741, Docket Entry No. 145.

patents and asserted similar claims against Accenture. On January 4, 2011, the court stayed the Declaratory Judgment Action, pending reexamination.[2] On August 2, 2011, SAP filed a new declaratory judgment action against Wellogix seeking a declaration of non-infringement and invalidity of an additional patent. <u>SAP America, Inc. v. Wellogix, Inc. and Wellogix Technology Licensing, LLC</u>, Civil Action No. H-11-2840. On November 22, 2011, the court consolidated the new action into the pending Declaratory Judgment Action.[3] After a hearing on March 14, 2014, the court lifted the stay and directed Wellogix to file its amended answer and a motion to sever the trade secrets counterclaims into a new action. SAP then moved for summary judgment on Wellogix's trade secrets claims, which the court granted based on the same forum-selection clause. The PTO ultimately invalidated all claims of WTL's disputed patents.[4] After the deadlines for appeals had passed, SAP and Accenture moved for an award of attorneys' fees under 35 U.S.C. § 285.

## II. Motions for Attorneys' Fees

### A. Standard of Review

"The court in exceptional cases may award reasonable attorney's fees to the prevailing party." 35 U.S.C. § 285.

---

[2]Order, Docket Entry No. 63, p. 2.

[3]Order, Docket Entry No. 72 in C.A. No. H-10-1244.

[4]Status Report, Docket Entry No. 180, p. 1.

"Exceptional" means "'uncommon,' 'rare,' or 'not ordinary.'" Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S. Ct. 1749, 1756 (2014) (citations omitted). An "exceptional" case "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Id. "[F]ees are not awarded solely because one party's position did not prevail." Gaymar Industries, Inc. v. Cincinnati Sub-Zero Products, Inc., 790 F.3d 1369, 1373 (Fed. Cir. 2015).

"District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." Octane Fitness, 134 S. Ct. at 1756. No precise rule or formula applies, but "instead equitable discretion should be exercised 'in light of the considerations [the Court has] identified.'" Id. (citing Fogerty v. Fantasy, Inc., 114 S. Ct. 1023, 1033 (1994)). Among the factors district courts can consider are "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." See id. at n.6 (citing Fogerty, 114 S. Ct. at 1033 n.19, for a nonexclusive list of "factors" to be considered when interpreting similar language under the Copyright Act). Courts should also consider "a patentee's pattern of litigation where adequate evidence of an abusive pattern is

presented." SFA Systems, LLC v. Newegg Inc., 793 F.3d 1344, 1352 (Fed. Cir. 2015).

Parties must prove entitlement to fees by a preponderance of the evidence. See Octane Fitness, 134 S. Ct. at 1758 (rejecting the Federal Circuit's requirement of clear and convincing evidence). A district court's ruling that a case is exceptional under § 285 will be reviewed for abuse of discretion. Highmark Inc. v. Allcare Health Management System, Inc., 134 S. Ct. 1744, 1747 (2014).

B. Analysis

In order to exercise its discretion to award attorneys' fees under 35 U.S.C. § 285 the court must find (1) a prevailing party, (2) an exceptional case, and (3) reasonable fees. Wellogix concedes that SAP and Accenture prevailed in the patent litigation, and the court agrees.[5] The court must next determine whether this case is exceptional with respect to the substantive strength of Wellogix's litigating position or the unreasonable manner in which the case was litigated. 35 U.S.C. § 285 only applies to exceptional patent cases. Although the parties' actions as to related non-patent issues may inform the court's analysis under the

---

[5]See Wellogix's Opposition to Motions for Extraordinary Finding and Attorneys' Fees Pursuant to 35 U.S.C. § 285 ("Wellogix's Opposition"), Docket Entry No. 187, p. 10 n.1; see also Manildra Milling Corporation v. Ogilvie Mills, Inc., 76 F.3d 1178, 1183 (Fed. Cir. 1996) ("[A]s a matter of law, a party who has a competitor's patent declared invalid meets the definition of [a] 'prevailing party.'").

totality of the circumstances, the court's analysis focuses on the patent issues.

1. SAP's Argument

SAP argues that this case is exceptional for two reasons. First, it argues that "Wellogix's litigation positions were completely meritless."[6] Second, SAP argues that "Wellogix's unreasonable litigation conduct" evinces "subjective bad faith."[7]

"Merely asserting that a party's arguments were without merit does not show that a case is exceptional." Western Falcon, Inc. v. Moore Rod & Pipe, LLC, Civil Action No. H-13-2963, 2015 WL 3823629, at *6 (S.D. Tex. June 18, 2015)(Rosenthal, J.). Courts generally require "exceptionally meritless" claims. See id. (citing, among others, EON Corp. IP Holdings LLC v. Cisco Systems Inc, 12-CV-01011-JST, 2014 WL 3726170 (N.D. Cal. July 25, 2014) (even when the plaintiff's argument was "quite stretched" and its conduct "difficult to explain," the court could not "quite conclude that no reasonable patentee could see an opening . . . through which the argument could be squeezed")).

SAP argues that Wellogix's litigation positions were meritless for two reasons.[8] First, SAP argues that Wellogix's "positions

---

[6] SAP's Motion for Attorneys' Fees, Docket Entry No. 182, p. 12.

[7] Id. at 13.

[8] Id.

with regard to its patents were exceptionally weak."[9] Second, SAP asserts that "Wellogix's persistent efforts to pursue the non-patent claims despite previous adverse rulings justifies an award of fees."[10]

As support for its first argument, SAP points out that "the reexamination process resulted in the cancellation of every single one of [the] 120 claims [Wellogix identified] and invalidation of all six of the Wellogix Patents."[11] SAP argues that this "remarkable outcome . . . by itself demonstrates the fundamental lack of merit of Wellogix's claims."[12] SAP prevailed in the patent litigation, but not before a reexamination process in which both parties appealed aspects of the PTO's initial findings.[13] Although SAP argues that the final outcome shows Wellogix's position was meritless, the lengthy reexamination and appeals process suggests otherwise. SAP's position is merely a variant of the argument that the prevailing party should receive attorneys' fees, but that is not the law. Victory alone, even total victory, is not sufficient reason to award fees.

---

[9]Id. at 12.

[10]Id.

[11]Id.

[12]Id.

[13]See, e.g., Joint Status Report, Docket Entry No. 116 (informing the court of various appeals and cross-appeals to the PTO's initial findings).

SAP also argues that "Wellogix's persistent efforts to pursue the non-patent claims despite previous adverse rulings justifies an award of fees."[14] SAP again references the number of times Wellogix's arguments failed before multiple courts.[15] What SAP does not address, aside from a Fifth Circuit opinion assessing the relative merit of two of Wellogix's arguments, is the objective reasonableness of Wellogix's positions.[16] That SAP prevailed, even repeatedly, does not prove that Wellogix was unreasonable in arguing those positions. SAP's second argument is another version of its first, and it is unconvincing.

SAP cites several examples of what it calls "Wellogix's subjective bad faith."[17] SAP's first example involves a dispute over whether Wellogix's outside counsel threatened litigation, a threat that allegedly prompted the Declaratory Judgment Action.[18] The parties also dispute the nature and import of a comment about "drum[ming] up business" regarding a potential infringement suit.[19] But differences over whether a looming threat of litigation existed do not make this case exceptional.

---

[14]SAP's Motion for Attorneys' Fees, Docket Entry No. 182, p. 12.

[15]Id. at 12-13.

[16]Id.

[17]Id. at 13-17.

[18]Id. at 13.

[19]See Wellogix's Opposition, Docket Entry No. 187, pp. 12-14.

SAP's second and third examples involve intricacies of procedure and determinations made by the PTO.[20] Having considered the parties' arguments, the court is not persuaded that Wellogix acted in bad faith while defending its patents. SAP's contentions that Wellogix should have known about SAP's prior art and that some version of its software predated Wellogix's existence do not meet its burden to show that Wellogix's defense of its patents was particularly unreasonable or exceptionally meritless.

Finally, SAP complains about Wellogix's litigation of its trade secrets claims.[21] Even assuming that Wellogix's procedural arguments were questionable, SAP has not shown that Wellogix's "procedural shell game" had any effect on the patent litigation or was part of a pattern of unreasonable litigation practices. The court has considered SAP's other arguments in support of its claim and is not persuaded by them.

2. Accenture's Argument

Accenture argues that Wellogix's infringement claims against it were "a baseless afterthought."[22] First, Accenture argues that Wellogix "addressed its contentions" to SAP, citing Wellogix's Rule 3-1 and 3-2 disclosures,[23] as evidence of the "lack of

---

[20]SAP's Motion for Attorneys' Fees, Docket Entry No. 182, p. 12.

[21]Id. at 15-17.

[22]Accenture's Motion for Attorneys' Fees, Docket Entry No. 185, p. 2.

[23]Exhibit B to SAP America, Inc.'s Motion to Compel, Docket Entry No. 58-2, p. 2.

substance underlying Wellogix's claims against Accenture."[24] Second, Accenture points out the "boilerplate" nature of Wellogix's infringement contentions.[25] Finally, Accenture, citing Wellogix's disclosures, points out that the document was never served on Accenture.[26]

Accenture's arguments fall well short of its burden to show that Wellogix's case against it was exceptional.[27] At most, Accenture has shown that Wellogix failed to effectively pursue its claims against Accenture. That is hardly exceptional.

### 3. The Totality of the Circumstances

This case involved a lengthy and hard-fought contest. With much at stake the parties vigorously defended their positions. The actions of Wellogix do not raise this case to the exceptional level at which an award of attorney's fees would be appropriate.

After six years of litigation, SAP and Accenture can cite only a handful of examples in support of their motions. Considering the relevant factors and the totality of the circumstances, the court

---

[24] Accenture's Motion for Attorneys' Fees, Docket Entry No. 185, p. 2.

[25] Id.

[26] Id. at 2-3.

[27] Accenture argues that "[t]he evidence for finding this case exceptional identified by SAP applies equally to Accenture" without bothering to specify which evidence. Accenture's Motion for Attorneys' Fees, Docket Entry No. 185, p. 4.

does not find this case exceptional. Therefore, a fee award is not justified.

### III. Conclusions and Orders

For the reasons stated above, SAP and Accenture have not persuaded the court that this action is an exceptional case under 35 U.S.C. § 285. Plaintiff and counter-defendant SAP's Motion for an Exceptional Case Finding and Award of Attorneys' Fees Pursuant to 35 U.S.C. § 285 (Docket Entry No. 182) and counter-defendant Accenture's Motion for an Exceptional Case Finding and an Award of Attorneys' Fees Pursuant to 35 U.S.C. § 285 (Docket Entry No. 185) are therefore **DENIED**. Because no party has been granted relief against any other party, the court will enter a Final Judgment dismissing the action with prejudice and ordering that each party is responsible for its own attorneys' fees and costs.

**SIGNED** at Houston, Texas, on this 7th day of October, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE